UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
MARK HOLT,                                                 :
                                                           :   **MEMORANDUM**
                                    Plaintiff,             :   **DECISION AND ORDER**
                                                           :
            - against -                                    :   15-cv-3114 (BMC)
                                                           :
THE METROPOLITAN TRANSIT                                   :
AUTHORITY, *et al.*,                                       :
                                                           :
                                    Defendants.            :
                                                           :
---------------------------------------------------------- X

**COGAN, District Judge.**

Defendants ask me to find as a matter of law that plaintiff was making an "unreasonable" amount of noise, and thus defendant MTA Police Officer Deras had probable cause or at least arguable probable cause to arrest him for disorderly conduct, thus defeating plaintiff's claims for false arrest and subsequential constitutional torts under 42 U.S.C. § 1983, as well as a state law claim. Plaintiff may well have a very weak case factually, but I cannot quantify sound volume on this record as a matter of law. The false arrest claim therefore survives, although plaintiff's other claims fail.

The conclusion of "reasonableness" as to police conduct from an objective perspective as a matter of law, based on undisputed facts, is not a prodigious determination in police misconduct cases. But the conclusion of reasonableness of a noise level is something else. The former is entirely the product of reasoned analysis, while the latter introduces the additional element of quantitative sensory perception which, because the Court obviously has no first-hand knowledge, it can only obtain from second-hand descriptions. Of course, even in the typical case, reports of events that occurred rely on the sense of sight, but where the parties agree on

what was seen or said, then probable cause is often determinable as a matter of law. When they disagree as to how to characterize a quantity, specifically a decibel level, of sound waves as they impact at various points at an alleged crime scene, it is akin to a disagreement over what was seen, and thus tends to show the existence of a material factual dispute.

Here, defendants rely on various descriptive statements from plaintiff (in light of the requirement to draw all inferences in plaintiff's favor, see <u>Miller v. Wolpoff & Abramson, LLP</u>, 321 F.3d 292, 300 (2d Cir.2003)), to show that a reasonable jury could not find that plaintiff was making a reasonable amount of noise. These are the following: (1) plaintiff admitted that the train station where the incident occurred was noisy and crowded; (2) plaintiff's accompanying friend was playing music on a "boom box" with "two big speakers on it" and the "volume was up"; (3) the music from the "boom box could be heard from the entrance to the terminal"; (4) plaintiff was singing louder than the volume of the "boom box"; (5) no one else was singing or yelling at the train station; and (6) plaintiff continued to sing after defendant Officer Deras told him to stop and warned plaintiff that he would be arrested if he did not stop.

These undisputed facts (defendants are correct that on this motion, plaintiff has attempted to contradict prior testimony, and I am not crediting that, see <u>Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.</u>, 925 F.2d 566, 572-73 (2d Cir. 1991)) are not the equivalent of a sound level meter. They are not even the equivalent of some number of witness affidavits describing the level of noise they experienced on the scene. There may be other ways in which a sound level could be determined to be unreasonable as a matter of law, but the statements plaintiff has made are not sufficient. They are also not sufficient to determine qualified immunity, because even qualified immunity has to be based on undisputed material facts, see <u>Zellner v. Summerlin</u>, 494 F.3d 344, 368 (2d Cir. 2007), and the accurate characterization of the noise level here is a

disputed issue of material fact. Defendants' motion for summary judgment to dismiss the false arrest claim against Officer Deras is denied.

Summary judgment is granted, however, as to plaintiff's claims for malicious prosecution, denial of fair trial, and First Amendment retaliation. As to the first two, although probable cause is in dispute, the record contains no evidence of any false statement or fabricated evidence. At most, plaintiff disagrees with Officer Deras' characterization that he was singing or yelling loudly; there is no factual dispute that plaintiff was making some noise. The characterization reflects an opinion, not a fact that can be false, unless plaintiff was sufficiently quiet on the platform that the characterization is arguably motivated by malice. Plaintiff's statements summarized above, although not sufficient to establish probable cause as a matter of law, are more than sufficient to support opinion testimony that plaintiff was singing boisterously or yelling (it doesn't matter which way Officer Deras characterized it)[1] too loudly. An officer has to be free to testify to his own perception of the volume of noise in his criminal complaint and at an ensuing trial, at least where there is the factual predicate for it that plaintiff has admitted to here, without getting sued for malicious prosecution or denial of a fair trial. As to the purported First Amendment claim, there is not a scintilla of evidence that Officer Deras had any cultural, content-based, or any other motive intended to quell protected speech in making the arrest. "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001).

Summary judgment is also granted on plaintiff's negligent infliction of emotional distress claim. "It has repeatedly been held that this cause of action may only proceed where the

---

[1] The differences in the way Officer Deras characterized the events in his criminal court complaint and his arrest report are so trivial that no reasonable juror could predicate a finding of malice upon them.

3

allegations of conduct are so extreme in degree and outrageous in character as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community", Wilson v. City of New York, 294 A.D.2d 290, 295, 743 N.Y.S.2d 30, 34 (1st Dep't 2002) (quotations and citations omitted). There is simply no extreme and outrageous conduct alleged against Officer Deras. No reasonable jury could find that either the arrest, the prosecution, or the minor differences in his criminal court complaint and police report, if they are differences at all, are "extreme and outrageous."

The motion for summary judgment as to Sgt. Sauer is granted. The record shows that he didn't do anything. Plaintiff accuses him of a failure to intervene, but the arrest had already been made, Sgt. Sauer didn't witness it, and his only involvement was to approve the paperwork. Since he was not a witness to the noise level, he could have taken no action at the point in time when the unconstitutional arrest is alleged to have occurred, and the record discloses no reason why he should have overruled the judgment of the officer who made the arrest.

Defendants' motion for summary judgment is granted in part and denied in part as set forth above.

**SO ORDERED.**

                                                    U.S.D.J.

Dated: Brooklyn, New York
       December 19, 2015